HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNILYN M. FRANKLIN,<br><br>        Plaintiff,<br><br>v.<br><br>OUT WEST EXPRESS, LLC and<br>CARROLL G. MCDANIEL,<br><br>        Defendant. | CASE NO. 3:17-cv-05698-RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF AFFIRMATIVE DEFENSE |

THIS MATTER is before the Court on Plaintiff Jennilyn Franklin's Motion for Summary Judgment Dismissal of Defendants Out West Express, LLC and Carroll McDaniel's Affirmative Defense of Contributory Negligence. Dkt. #29. Franklin sued defendants in state court for personal injuries claiming that McDaniel, driving a semi-truck as an Out West employee, struck Franklin's vehicle while it was parked across the fog line on Interstate 90. Defendants assert that Franklin was contributorily negligent, but produce no evidence supporting this contention or creating a genuine issue of material fact. Defendants instead try to exclude their post-accident internal report from evidence and dispute Franklin's certainty about whether her car moved as a result of the accident. Franklin argues that contributory negligence is not supported by the record and that the report is admissible.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT DISMISSAL OF
AFFIRMATIVE DEFENSE - 1

Because defendants have failed to meet their burden of identifying a genuine issue of material fact concerning whether there was contributory negligence, Franklin's Motion for Summary Judgment Dismissal of Defendants' Affirmative Defense is **GRANTED**.

**BACKGROUND**

Jennilyn Franklin was driving westbound on Interstate 90 when her Ford Explorer stopped running properly.[1] She pulled over, walked to get oil and antifreeze, and returned via a ride back from a DOT employee. By this time, there was a notification on a reader board sign informing westbound traffic of Franklin's disabled vehicle. After tending to her vehicle, Franklin drove back onto Interstate 90. The mechanical issues persisted, however, so she immediately pulled over and parked across the fog line with her hazard lights flashing. Dkt. #30-2 at 5-6; Dkt. #30-1 at 27-28. Shortly thereafter, Carroll McDaniel struck Franklin's vehicle with the semi-truck he was driving as an employee of Out West Express, LLC.

There were two inquiries into the cause of the collision. The police report stated that Franklin's vehicle was "parked on the right interstate shoulder" and that McDaniel "crossed the white line on the right side of shoulder [sic], hitting [Franklin's] vehicle on the driver side." The responding officer issued McDaniel a citation for improper lane change. Dkt. #30-2 at 6.

Out West similarly concluded that McDaniel was the "direct cause of accident[,]" as he "was distracted reaching for food when his rig crossed the white solid shoulder line where a passenger vehicle was parked, sideswiping its driver side." Dkt. #29 at 4. That same report included a signed statement from McDaniel, explaining that he "did sidewip [sic] (1) 1999 Ford Expedition parked on shoulder of roadway I-90 W.B. milepost 67/68 11/08/15." Dkt. #30-2 at

---

[1] Also in the vehicle was Franklin's two-year old son Briley Serro, her cousin Kaitlyn Emerson, and her friend Nina Johnson. Dkt. #29 at 2.

22. Post collision photos support Franklin's assertion that her vehicle was parked on the shoulder of the highway. Dkt. #30-2 at 7-13; Dkt. #30-1 at 27-28. The report recommended that McDaniel "need[ed] to be re-evaluated on his driving skills . . . and MUST only eat . . . during appropriate breaks; through his negligence, he caused a DOT accident." Dkt. #30-2 at 25. McDaniel did not appear for his deposition and his whereabouts are still unknown. Dkt. #30-1 at 31-32. Out West's transportation safety consultant, Sylvia Artalejo, drafted an email stating that Franklin's vehicle was entering the highway when McDaniel hit it. Dkt. #30-2 at 15. There is not, however, any evidence in the record supporting this conclusion.

Franklin sued Out West and McDaniel in state court. Defendants admitted that McDaniel was negligent in causing the accident, but also claimed that Franklin was contributorily negligent and removed to federal court. Dkt. #11 at 2. During discovery, Out West willingly produced its internal report on the collision without objection or assertion of any privileges. Dkt. #32 at 3. Franklin's deposition corroborates the police report and Out West's internal report concluding that her vehicle was parked entirely across the fog line.

Based on the police report, Out West's internal report, and Franklin's testimony, Franklin now requests summary judgment dismissal of defendants' affirmative defense. Dkt. #29. In opposition, defendants attack the admissibility of the report, claiming that it should be disregarded and stricken under the self-critical analysis privilege. Dkt. #31 at 1. Defendants also suggest that Franklin's deposition testimony is conclusory and speculative, and therefore insufficient to support her motion for summary judgment. Dkt. #31 at 4.

# DISCUSSION

## I. Summary judgment

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remains genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

## II. Self-critical analysis privilege

The self-critical analysis privilege shields certain internal investigations, confidential evaluations, and other institutional documents from discovery. *Dorato v. Smith*, 163 F.Supp.3d 837, 891 (D.N.M. 2015). The rationale behind this privilege is to prevent deterrence or suppression of "socially useful investigations and evaluations or compliance with the law or with professional standards." *Hardy v. New York News, Inc.*, 114 F.R.D. 633, 640 (S.D.N.Y. 1987). Of the few courts that have applied the privilege, many limited its application. *See, e.g., Granger v. Nat'l R.R. Passenger Corp.*, 116 F.R.D. 507, 510 (E.D. Pa. 1987) (rejecting application of the privilege to portions of the internal report entitled "cause" and "contributing factors" because such portions are "at the heart of every action."); *see also Dorato*, 163 F.Supp.3d at 891 (finding that most federal courts have declined to apply the privilege). Voluntary disclosure of a privilege constitutes a waiver. *Hergenroeder v. Travelers Property Casualty Ins. Co.*, 249 F.R.D. 595, 605 n. 4 (E.D. Cal. 2008).

State law determines evidentiary privileges, which require fact-specific inquiries made on a case-by-case basis. *Union Pacific R. Co. v. Mower*, 219 F.3d 1069, 1076 (9th Cir. 2000). Defendant did not provide and the Court was unable to locate any Washington authority applying the self-critical analysis privilege, and the Ninth Circuit has declined to recognize it. *Id*. at n. 7. In *Dowling v. American Hawaii Cruises, Inc.*, for example, the Ninth Circuit refused on narrow grounds to apply the privilege to routine internal reviews of "matters related to safety concerns." 971 F.2d 423, 425-26 (9th Cir. 1992). The *Dowling* court did, however, recognize that there are four criteria the privilege requires in order to protect internal documents: (1) information must result from critical self-analysis, (2) there must be a strong public interest in "preserving the free flow of the type of information," (3) the type of information would be curtailed if discoverable,

and (4) the documents must have been "prepared with the expectation that [they] would be kept confidential, and [have] in fact been confidential." *Id*.

The self-critical analysis privilege does not exclude Out West's internal report because defendants voluntarily produced it without objection. In doing so, defendants fell short of the fourth element of the privilege by waiving their expectation of privacy. Protection is also unwarranted because it appears that Washington has not recognized the privilege, and defendants fail to demonstrate that the report meets any of the other three criteria.

### III. Contributory negligence

A plaintiff's contributory negligence depends on whether she exercised "reasonable care for [her] own safety which a reasonable [person] would have used under the existing facts and circumstances." *Dunnington v. Virginia Mason Medical Center*, 187 Wash.2d 629, 637–38, 389 P.3d 498 (2017). Where there is a lack of reasonable care, the inquiry then becomes whether the plaintiff's conduct was a "legally contributing cause of [her] injury." *Id*. The existence of contributory negligence is a question of fact for the jury unless "the facts are such that all reasonable persons must draw the same conclusion from them, in which event the question is one of law for the courts." *Hough v. Ballard*, 108 Wash. App. 272, 279, 31 P.3d 6 (2001); *see also Chadwick v. Ek*, 1 Wash.2d 117, 127, 95 P.2d 398 (1939) (contributory negligence as a conclusion of law permitted where only one reasonable inference can be drawn from the undisputed facts).

To overcome summary judgment, the defendant must show that there is at least a disputed fact upon which a reasonable juror could find the defendant met their burden of proof for contributory negligence. "Mere allegations, argumentative assertions, conclusory statements, and speculation do not raise issues of material fact that preclude a grant of summary judgment."

*Greenhalgh v. Dept. of Corrections*, 160 Wn. App. 706, 714, 248 P.3d 150 (2011) (declarations of fellow inmates did not "concretely support" plaintiff's assertions). A defendant asserting the affirmative defense of contributory negligence must prove it by a preponderance of the evidence—a scintilla of evidence will not suffice. *Boyle v. Lewis*, 30 Wash.2d 665, 676, 193 P.2d 332 (1948). Accordingly, the defendant bears the burden of proving that the plaintiff had a duty, breached that duty, and that such breach was a proximate cause of the injury. *Hynek v. City of Seattle*, 7 Wash.2d 386, 396, 111 P.2d 247 (1941).

Despite drawing all reasonable inferences in favor of defendants, this Court finds they have neglected to produce evidence establishing questions of material fact to defeat Franklin's motion.[2] Defendants have not identified what duty Franklin owed, how she may have breached that duty, or whether there was proximate cause. In fact, the evidence in the record shows that Franklin acted reasonably under the circumstances; she removed her vehicle from the flow of traffic, pulled over across the fog line, remained in her vehicle, and ensured her hazard lights were flashing. Defendants' attempt to discredit Franklin's deposition testimony is also unsuccessful; it is not relevant whether Franklin knew, without doubt, the position of her vehicle post-accident. What does matter is her consistent certainty of where her vehicle was before the collision—that is, entirely across the fog line. Defendants produce no evidence contradicting her on this point. By attempting to exclude otherwise admissible evidence and complicate Franklin's testimony, defendants ignore their burden of identifying a question of material fact supporting contributory negligence.

---

[2] The only evidence that could possibly support defendants' affirmative defense, which they failed to address, is Sylvia Artalejo's internal email stating that Franklin's "vehicle was entering the interstate" at the time of the collision. There is no indication of what information Artalejo arrived at to reach this conclusion and no other evidence in the record supports it. *See Greenhalgh*, 160 Wn. App. at 714. The email also states that McDaniel "got too close[,] crossing the white line on his right side." Dkt #30-2 at 15. This suggests that Franklin's car was parked outside the line.

**CONCLUSION**

Franklin's motion for summary judgment dismissal of defendants' affirmative defense of contributory negligence is **GRANTED**.

IT IS SO ORDERED.

Dated this 2nd day of May, 2019.

_____
Ronald B. Leighton
United States District Judge